IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| Yusuf Saleem | : | CIVIL ACTION |
| | : | NO. 12-3193 |
| v. | : | |
| | : | |
| School District of Philadelphia | : | |
| and | : | |
| Children's Crisis Treatment Center | : | |

O'NEILL, J.                                                                     JANUARY 11, 2013

## MEMORANDUM

Plaintiff Yusuf Saleem filed this action against defendants School District of Philadelphia and Children's Crisis Treatment Center (CCTC) seeking damages for claims related to the termination of his employment. Now before me are the School District's motion to dismiss and Saleem's response thereto. For the reasons that follow I will grant the motion.

## BACKGROUND

Saleem worked as a behavioral health specialist, mobile therapist and school clinician for CCTC beginning in 2003 up until his termination on June 18, 2010. Compl., Dkt. No. 1 at ¶ 5. Saleem was a contract employee with CCTC at the time he was terminated. Id. The School District used CCTC to provide its schools with therapeutic and intervention services for the District's students. Id. at ¶ 6. As part of his job, Saleem was outsourced as a clinician to General F. Reynolds Elementary School. Id. at ¶ 8. On June 2, 2010, Saleem had an encounter with a male student suspected to be physically assaulting one of his female classmates. Id. at ¶¶ 10-12. The student attacked Saleem after a brief verbal exchange, and Saleem suffered a few minor injuries as a result. Id. at ¶¶ 10, 12, 17. Subsequently, the police were called and arrived at the school to investigate the incident. Id. at ¶ 13. CCTC's lead clinician at the school asked Saleem

to discuss the situation with his direct supervisor at CCTC before filing any police report. Id. at ¶¶ 14-15. Prior to speaking with his supervisor, however, Saleem was called into the principal's office to meet with the police officers and the student. Id. at ¶ 16.

Noticing that Saleem had been injured, the officers asked him to go to the police station and speak with some detectives. Id. at ¶¶ 17-18. The student was also arrested as a result of the investigation. Id. at ¶ 17. After meeting with the detectives, Saleem pressed charges against the student that assaulted him. Id. at ¶ 18. Saleem informed his supervisor that he had filed a police report and pressed charges against the student. Id. at ¶ 19. Shortly thereafter, Saleem's direct supervisor at CCTC informed him that the principal did not want Saleem to return "because of the 'conflict' between [Saleem] and the student" he pressed charges against. Id. at ¶ 20. Several days later, on June 18, 2010, CCTC discharged Saleem for "unprofessional conduct, because he filed criminal charges against the student." Id. at ¶ 22. Saleem applied for unemployment compensation benefits which CCTC opposed citing his "willful misconduct." Id. at ¶ 25. "After approximately a year and a half of unemployment compensation litigation, the Commonwealth Court of Pennsylvania held that [Saleem] was eligible for benefits, and that his actions did not amount to willful misconduct." Id. at ¶ 28. Based on the testimony of his supervisor and other CCTC employees at an unemployment compensation hearing, Saleem alleges that the principal required CCTC to terminate his employment in retaliation for making statements to police about the incident and for filing a police report and pressing criminal charges against the student. Id. at ¶¶ 28-29, 31, 39. As a result, Saleem alleges he has suffered economic losses and has failed to find comparable employment. Id. at ¶¶ 26-27, 32-33.

Saleem brings four claims specifically against the School District. First, he alleges that the School District conspired and retaliated against him for exercising his First Amendment

rights "in the form of making statements to the police" in violation of 42 U.S.C. § 1983, and that the School District is liable for the actions of the school principal, which constitute state action. Id. at ¶¶ 34-39.[1]  Second, Saleem claims that the School District violated public policy by wrongfully terminating his employment in retaliation "for carrying out legal duties and following the directives of law enforcement officials."  Id. at ¶¶ 40-45.  Third, Saleem argues that the School District's actions also violated his right to free speech under the Pennsylvania Constitution.  Id. at ¶¶ 46-48.  Finally, Saleem brings an "interference with contract" claim against the School District for causing CCTC to discharge him.  Id. at ¶¶ 56-59.  The School District argues Saleem has not established the type of policy or custom required to impose liability on the School District for his Monell claims, Def.'s Mot. Dismiss, Dkt. No. 9 at 12-13, and also argues that the Political Subdivision Tort Claims Act (PSTCA), 42 Pa. Cons. Stat. § 8541, precludes the state law claims.  Def.'s Mot. Dismiss, Dkt. No. 9 at 14-16.  In the alternative, the School District also argues that Saleem's failure to comply with the notice requirement under 42 Pa. Cons. Stat. § 5522 regarding civil actions against government entities precludes all of his claims.  Id. at 16-17.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

---

[1] As this claim attempts to hold a government entity liable for the actions of its employees, the Court will construe it as being brought under the framework articulated in Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978).

of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). The complaint must state "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 321 (3d Cir. 2008), quoting Twombly, 550 U.S. at 556. The Court of Appeals has made clear that after Ashcroft v. Iqbal, 556 U.S. 662 (2009), "'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 556 U.S. at 678. The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

Id. at 210-11, quoting Iqbal, 556 U.S. at 679. The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679.

## DISCUSSION

**I. Saleem Has Failed to State a First Amendment Retaliation or Conspiracy Claim Under Monell**

4

Saleem asserts that the School District violated § 1983 by infringing upon his First Amendment right to free speech. Compl., Dkt. No. 1 at ¶¶ 34-39. § 1983 provides a cause of action against any person who, under color of state law, deprives another citizen of "any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. To bring a § 1983 claim against a municipal entity such as the School District,[2] Saleem needs to satisfy the requirements set forth in Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691 (1978). There, "the Supreme Court established that a municipality cannot be held liable under § 1983 for the constitutional torts of its employees by virtue of respondeat superior." McGreevy v. Stroup, 413 F.3d 359, 367 (3d Cir. 2005). Instead, a plaintiff needs to allege that the municipality had a "policy or custom" that caused him to suffer a constitutional violation. Monell, 436 U.S. at 694. Demonstrating municipal liability can be done in three ways:

> First, the municipality will be liable if its employees acted pursuant to a formal government policy or standard operating procedure long accepted within the government entity . . . second, liability will attach when the individual has policy making authority rendering his or her behavior an act of official government policy . . . third, the municipality will be liable if an official with authority has ratified the unconstitutional actions of a subordinate, rendering such behavior official for liability purposes.

McGreevy, 413 F.3d at 367 (citations omitted). Saleem does not allege that the School District has a formal policy or standard operating procedure mandating that clinicians be discharged if they file a police report against a student. Nor does Saleem claim that a particular official with authority ratified the unconstitutional actions of a subordinate.

---

[2] The School District is considered a municipal entity for purposes of a Monell claim. See Jett v. Dall. Indep. Sch. Dist., 491 U.S. 701, 737-38 (1989) (holding that Monell applies to plaintiff's lawsuit against the school district).

5

On the contrary, Saleem alleges that "the actions of the [s]chool [p]rincipal for General F. Reynold [sic] Elementary School . . . constituted state action pursuant to [§ 1983]." Compl., Dkt. No. 1 at ¶ 37. This is insufficient. To satisfy Monell, Saleem must further allege that the principal was the "final policy making authority" on hiring or firing third-party clinicians, such that the principal's decision on the matter rendered it an act of official municipal policy. See Pembaur v. City of Cincinnati, 475 U.S. 469, 482-83 (1986) ("Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered."). Moreover, merely showing that the principal or any other official "has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on the exercise of that discretion." Id. at 482. "The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable." Id. at 482-83. Therefore, "'to ascertain who is a policy maker a court must determine which official had final, unreviewable discretion to make a decision or take action.'" McGreevy, 413 F.3d at 369, citing Kneipp v. Tedder, 95 F.3d 1199, 1213 (3d Cir. 1996). The issue of whether a particular municipal official is the final "policymaking authority" with regards to a particular act is a question of state law. See Jett v. Dall. Indep. Sch. Dist., 491 U.S. 701, 737-38 (1989); see also City of St. Louis v. Praprotnik, 485 U.S. 112, 124 (1988). While true that whether a school principal is a final policymaker is a legal rather than factual question, that does not relieve Saleem of the obligation to plead in some fashion that the principal had final policy making authority, as that is a key element of a Monell claim. Santiago v. Warminster Twp., 629 F.3d 121, 135 n.11 (3d Cir. 2010).

In the present case, Saleem does not allege that the principal was the final policy maker with regards to decisions on discharging third party clinicians such as himself. Instead, the

6

complaint merely states that the "School District, through its' [sic] principal, required that CCTC fire [Saleem] from all of his positions, in retaliation for making statements to the police about the incident. . . ." Dkt. No. 1 at ¶ 39. Consequently, the complaint fails to allege a policy or custom required for municipal liability to attach under Monell. McGreevy, 413 F.3d at 367. Instead, Saleem's § 1983 claims are based on a respondeat superior theory, which Monell specifically precludes. Monell, 436 U.S. at 692 ("[A] municipality cannot be held liable under § 1983 on a respondeat superior theory."). Having determined that Saleem fails to allege a municipal policy or custom, I will grant the School District's motion to dismiss Saleem's First Amendment retaliation and conspiracy claims and not discuss the other substantive issues involved.

## II. Saleem's Public Policy and Interference with Contract Claims are Precluded by the PSTCA

Saleem asserts wrongful termination in violation of public policy[3] and interference with contract claims against the School District in counts two and five of his complaint, respectively. Compl., Dkt. No. 1 at ¶¶ 9-10, 11-12. The School District argues that I must dismiss both claims pursuant to the PSTCA, which gives local government entities immunity from various civil claims. 42 Pa. Cons. Stat. § 8541 (2012). I agree. The statute provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." Id. The statute provides categorical exceptions to this general protection in the following circumstances: if "(1) damages

---

[3] Although count two of Saleem's complaint is extremely vague, I will construe his allegations as a wrongful termination claim under Pennsylvania law. This is because in its motion the School District assumed count two brought a wrongful termination claim and Saleem did not contest this assumption in his reply brief. Compare Dkt No. 9 at 14-16; with Dkt. No. 15 at 19-20. Similarly, I will construe count five as a tortious interference with contract claim, which is how Pennsylvania Courts discuss claims similar to this one. See, e.g., Travelers Cas. and Sur. Co. of Am. v. A.G. Cullen Constr., Inc., No. 07-0765, 2008 WL 4816477, at *12 (W.D. Pa. Nov. 4, 2008).

would be otherwise recoverable under common law or statute; (2) the injury was caused by the negligent act of the local agency or an employee acting within the scope of his official duties; and (3) the negligent act of the local agency falls within the eight enumerated categories." Palazzolo v. Damsker, No. 10-CV-7430, 2011 WL 2601536, at *4 (E.D. Pa. June 30, 2011). The eight categories are: (1) vehicle liability; (2) care, custody, or control of personal property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody or control of animals. 42 Pa. Cons. Stat. § 8542(b)(1-8). Additionally, "a municipality will not be held liable for the willful or wanton acts of its employees." Palazzolo, 2011 WL 2601536, at *4; see also 42 Pa. Cons. Stat. § 8550. Therefore, any claims not within these exceptions or alleging willful misconduct cannot be brought against a local entity such as the School District. See Joyner v. Sch. Dist. of Phila., 313 F. Supp. 2d 495, 504 (E.D. Pa. 2004) (holding that school district is protected by PSTCA absent applicable statutory exceptions); White v. Sch. Dist. of Phila., 718 A.2d 778, 781 (Pa. 1998) (providing school district immunity under PSTCA because no statutory exception applied).

None of Saleem's state law claims fall within the eight enumerated exceptions to the PSTCA. Specifically, state and federal courts applying the PSTCA have repeatedly held that "[w]rongful termination is a common law tort claim that does not fall within the exceptions to immunity laid out in § 8542." Palazzolo, 2011 WL 2601536, at *5; see also Haiden v. Green, No. 08-1481, 2009 WL 2341922, at *2 (W.D. Pa. July 27, 2009); Snavely v. Arnold, No. 08-2165, 2009 WL 1743737, at *7 n.8 (M.D. Pa. June 18, 2009); McNichols v. Commonwealth, Dep't of Transp., 804 A.2d 1264, 1267 (Pa. Commw. Ct. 2002). Likewise, courts have held that tortious interference with contract is also precluded by the PSTCA. See, e.g. Travelers Cas. and Sur. Co. of Am. v. A.G. Cullen Constr., Inc., No. 07-0765, 2008 WL 4816477, at *13 (W.D. Pa.

Nov. 4, 2008); Hitchens v. Cnty. of Montgomery, No. 00-4282, 2002 WL 253939, at *12 (E.D. Pa. Feb. 20, 2002); Horton, Inc. v. E. Hempfield Twp., No. 07-04587, 2008 WL 8189851 (Pa. C.P. Feb. 28, 2008). Accordingly, I find that Saleem's state law claims for wrongful termination and interference with contract against the School District are barred by the PSTCA and I will grant the School District's motion to dismiss on these claims.[4]

### III. Whether Saleem Has Stated a Claim for the Violation of the Right to Free Speech Under the Pennsylvania Constitution

Saleem also alleges that the School District violated the Pennsylvania Constitution when it "retaliated and punished [him], by conspiring to and firing him[] because he exercised his right to freedom of speech." Dkt. No. 1 at ¶ 48. For this claim, Saleem seeks compensatory damages, punitive damages, back pay, front pay, attorney's fees and "any other relief the court deems appropriate." Id. Article I § 7 of the Constitution of the Commonwealth of Pennsylvania provides:

> The free communication of thoughts and opinions is one of the invaluable rights of man, and every citizen may freely speak, write and print on any subject, being responsible for the abuse of that liberty. No conviction shall be had in any prosecution for the publication of papers relating to the official conduct of officers or men in public capacity, or to any other matter proper for public investigation or information, where the fact that such publication was not maliciously or negligently made shall be established to the satisfaction of the jury.

---

[4] In the alternative, the School District argues that the notice requirement under 42 Pa. Cons. Stat. § 5522 also bars all of Saleem's claims. Def.'s Mot. Dismiss, Dkt. No. 9 at 16-17. This Court has held that § 5522 "is a residual limitations period with limiting language that makes it inapplicable to claims subject to other limitations periods." See Beaky v. Cnty. of Bucks, No. 08-1251, 2009 WL 2390224, at *2 (E.D. Pa. Aug. 5, 2009). Accordingly, in the present case § 5522 would only apply to Saleem's state law claims in counts two and five. See Hurt v. Phila. Hous. Auth., 806 F. Supp. 515, 529 (E.D. Pa. 1992) (holding that § 5522 notice requirement does not apply to plaintiff's § 1983 claims). Because I find that those counts are precluded by the PSTCA, I will not discuss the merits of the School District's argument under § 5522.

Pa. Const. Art. I, § 7. It is well recognized that "[n]o Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution." Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist., 442 F. App'x 681, 687 (3d Cir. 2011), citing Jones v. City of Phila., 890 A.2d 1188, 1208 (Pa. Commw. Ct. 2006), appeal denied, 589 Pa. 741, 909 A.2d 1291 (2006) ("neither Pennsylvania statutory authority, nor appellate case law has authorized the award of monetary damages for a violation of the Pennsylvania Constitution."). "However, the law is unsettled as to whether monetary damages may be available for violations of Section 7 of Article I of the Pennsylvania Constitution, which concerns freedom of speech." Collura v. City of Philadelphia, No. 12-4398, 2012 WL 6645532, at *6 (E.D. Pa. Dec. 21, 2012); see Jones, 890 A.2d at 1208 n.33 (listing federal courts which have declined to determine if monetary damages are unavailable under any provision of the Pennsylvania Constitution). Accordingly, I will reserve judgment on this claim and require an additional memorandum from Saleem addressing whether there is legal authority that permits such a claim to proceed.

     An appropriate Order follows.