IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YUSUF SALEEM | : | CIVIL ACTION |
| | : | NO. 12-3193 |
| v. | : | |
| | : | |
| SCHOOL DISTRICT OF PHILADELPHIA | : | |
| et al. | : | |

O'NEILL, J.                                                                           OCTOBER 24, 2013

## MEMORANDUM

Plaintiff Yusef Saleem, a behavioral health specialist, mobile therapist, and school clinician was a contract employee with defendant Children's Crisis Treatment Center (CCTC) beginning in 2013 until his termination on June 18, 2010. Am. Compl., Dkt. No. 19 at ¶ 5. Defendant the School District of Philadelphia used CCTC to provide its schools with therapeutic and intervention services for the District's students. Id. at ¶ 6.

Plaintiff alleges that he was attacked and suffered injuries from an encounter with a male student suspected to be physically assaulting one of his female classmates while he was outsourced to General F. Reynolds Elementary School as a clinician. Id. at ¶¶ 8, 10, 12, 17. After meeting with police detectives, plaintiff pressed charges against the student who assaulted him and informed his CCTC supervisor that he had pressed charges and filed a police report. Id. at ¶¶ 18-19. Plaintiff further alleges that shortly thereafter, his direct supervisor at CCTC informed him that the school principal did not want Saleem to return "because of the 'conflict' between [Saleem] and the student" he pressed charges against. Id. at ¶ 20. Plaintiff alleges that several days later CCTC discharged him for "unprofessional conduct, because he filed criminal charges against the student." Id. at ¶ 22.

Plaintiff previously filed a complaint alleging four claims against defendant the School District seeking damages related to the termination of his employment.  I dismissed Saleem's claims of wrongful termination and his claim of tortious interference with contract against the School District.  I reserved judgment on his claim against the School District for a violation of his right to free speech under the Pennsylvania Constitution and permitted him leave to file a memorandum to address whether there is legal authority permitting such a claim for damages to proceed under the Constitution.  I also dismissed plaintiff's claim that the School District conspired and retaliated against him for exercising his First Amendment rights but granted him leave to amend.  See Saleem v. Sch. Dist. of Phila., No. 12-3193, 2013 WL 140613 (E.D. Pa. Jan. 11, 2013).

Plaintiff has filed an amended complaint that is identical to his first complaint with the exception of four additional paragraphs of allegations under Count I.[1]  Also, plaintiff failed to submit a memorandum in support of his Count III claims for damages under the Pennsylvania Constitution within thirty days of my Order as permitted.[2]  Now before me are plaintiff's amended complaint, the School District's motion to dismiss, and plaintiff's response thereto.[3]

To survive the School District's motion to dismiss, plaintiff must allege "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 321 (3d Cir. 2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).  Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's

---

[1]    Plaintiff deleted Count V and removed the School District as a defendant to Count II.
[2]    Plaintiff noted in his response to the School District's motion to dismiss that he had decided against submitting a memorandum. Dkt. No. 25. at 3.
[3]    The CCTC filed an answer with affirmative defenses to plaintiff's amended complaint on March 4, 2013. Dkt. No. 20.

obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. Id. at 556. The Court of Appeals has made clear that after Ashcroft v. Iqbal, 556 U.S. 662 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 556 U.S. at 678.

I.      **Count I: Monell Liability**

Plaintiff asserts a claim against the School District pursuant to Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691 (1978). In Monell "the Supreme Court established that a municipality cannot be held liable under § 1983 for the constitutional torts of its employees by virtue of respondeat superior." McGreevy v. Stroup, 413 F.3d 359, 367 (3d Cir. 2005). But where a municipal entity's employees violate a constitutionally protected right pursuant to a formal government policy or standard operating procedure long accepted within the government entity, the municipality can be found liable. Id. at 367. Plaintiff's amended complaint attempts to establish municipal liability with allegations of a School District policy or custom. Am. Compl., Dkt. No. 19 at ¶¶ 24-27. Saleem alleges that his termination by the school principal constituted state action pursuant to § 1983 because:

(a) "Defendant the School District of Philadelphia, including through the School Reform Commission (SRC) has a policy, practice, procedure and custom of firing employees and/or directing the firing of contracted employees who report criminal acts to the police of students in its schools." Am. Compl., Dkt. No. 19 at ¶ 24.

(b) Defendant gave "instructions" to the General F. Reynolds Elementary School principal to "inform CCTC to fire plaintiff" and prevent him from returning to the school. Id. at ¶ 25.

(c) Defendant "endorsed" the principal's decision to "remove [p]laintiff from the [school] and to instruct CCTC to fire him." Id. at ¶ 26.

(d) "The School Reform Commission (SRC) endorsed, approved, and/or directed that [p]laintiff be removed from his position at [the school] and that he not be allowed to work in other schools within the School District of Philadelphia." Id. at ¶ 27.

While plaintiff has attempted to rectify the failure in his first complaint to allege the requisite municipal policy or custom, he does not provide any additional facts in his amended complaint to support his expanded allegations. His amended complaint as to Count I is identical to his first complaint, with the exception of these four additional paragraphs that merely summarize and restate his cause of action. Id. at ¶¶ 24-27; 39-43. Plaintiff alleges that his CCTC supervisor "upon the direction of the School principal, [informed him that] he was not to return to the school, because of the 'conflict' between [p]laintiff and the student," id. at ¶ 20, and that on June 18, 2010, "CCTC informed [him] that he was fired for the reason of unprofessional conduct." Id. at ¶ 22. Plaintiff fails to set forth any factual allegations to substantiate the newly alleged policy, practice, procedure, custom, endorsement or approval of the School District in his allegedly retaliatory termination from employment.

I find that plaintiff's amended allegations are not sufficient under the standard set forth in Twombly and Iqbal. They amount to a mere recitation of the required elements of his claim. Pared down to its essential elements, plaintiff's claim is that the school principal acted pursuant to a policy or procedure of the School District to retaliate against those who exercise their constitutionally protected First Amendment rights. Yet his amended complaint provides no factual details regarding the existence, scope or application of the alleged School District policy, practice, procedure or custom of the School District's, that is essential to his claim. The plaintiff's allegations amount to mere conclusory statements and a recitation of the elements required to bring forth a Monell claim, and are thus insufficient.

My analysis herein is in keeping with the decision of the District Court for the Western District of Pennsylvania in O'Hara v. County of Allegheny, No. 12-818, 2013 WL 501374 (W.D. Pa. Feb. 8, 2013). The plaintiff in O'Hara had attempted to assert a Monell claim by alleging that the defendant had a policy or custom that violated his constitutional rights. Id. at *2. In dismissing the plaintiff's claim, the Court held that merely including "the phraseology that [a municipality's] policy or custom violated [p]laintiff's constitutional rights, [when] unadorned with supporting facts, [does not] cure any defect under Federal Rule of Civil Procedure 12(b)(6)." Id. The Court warned the plaintiff that the inclusion of such "phraseology" would not cure his problem of failing to allege anything other than a "solitary incident" in his complaint. Id. See Klein v. Cnty. of Bucks, No. 12-4809, 2013 WL 1310877, at *7 (E.D. Pa. Apr. 1, 2013) (holding that plaintiff's claim "states only a legal conclusion" because his assertion that "[he] was the subject of retaliation [is] clearly insufficient to allege a well settled and permanent [municipal] custom"). Similarly, here plaintiff's amended complaint now includes the 'phraseology' of an alleged policy, practice, procedure, custom and endorsement of the School

- 5 -

District, but his allegations are unaccompanied by supporting facts. Saleem makes the same

error as the plaintiff in O'Hara in assuming that the mere allegation of a policy, custom or

endorsement of the School District will cure his claim. It does not. Bereft of any assertions of

relevant facts, plaintiff's bare allegations regarding the "policy, practice, procedure and custom"

and endorsement of the School District in guiding the principal's decision to terminate his

employment, are insufficient to show his entitlement to relief. See also Niblack v. Murray, No.

12-6910, 2013 WL 4432081, at *8 (D.N.J. Aug. 14, 2013) (holding that the plaintiff's

"allegations against the [municipality] constitute only a 'formulaic recitation of the elements of a

[municipal liability] claim'" because "[p]laintiff alleges no facts in support of these legal

conclusions. He cites no prior incident or incidents to support the bald allegation of 'widespread

abuse,' and [p]laintiff fails to allege any facts to support his naked assertion of an unlawful

municipal policy or custom"). Accordingly, I will dismiss Count I of plaintiff's complaint as

against the School District.

## II.     Count III: Pennsylvania Constitutional Claim

Plaintiff has not provided further argument addressing whether there is legal authority

that permits a private cause of action for damages to proceed against the School District for

allegedly conspiring and retaliating against him for exercising his right to free speech. Am.

Compl., Dkt. No. 19 at ¶ 52. "[T]he law is unsettled as to whether monetary damages may be

available for violations of Section 7 of Article I of the Pennsylvania Constitution, which

concerns freedom of speech." Saleem, 2013 WL 140613, at *5 (E.D. Pa. Jan. 11, 2013) citing

Collura v. City of Phila., No. 12–4398, 2012 WL 6645532, at *6 (E.D. Pa. Dec. 21, 2012). In

the absence of evidence of supporting legal authority permitting a claim for damages to proceed

under the Pennsylvania Constitution, I will also dismiss Count III of plaintiff's amended

complaint as to the School District.[4]

---

[4]     Plaintiff asserts his Count III claim as to all defendants in his amended complaint, and my analysis here is applicable to defendant CCTC who has not filed a motion as to Count III.